1    LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2    JESSICA R. PERRY (STATE BAR NO. 209321)
    jperry@orrick.com
3    LINDSEY CONNOR HULSE (STATE BAR NO. 258514)
    lhulse@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5    Menlo Park, California 94025
    Telephone:     650-614-7400
6    Facsimile:     650-614-7401

7    Attorneys for Defendant
    JOHNSON CONTROLS, INC.

8

9                UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   LINDA DELATORRE, individually and on behalf of others similarly situated and aggrieved, | Case No. 113CV244633 |
| 13 | |
| 14             Plaintiff, | DEFENDANT JOHNSON CONTROLS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION |
| 15    v. | |
| 16   JOHNSON CONTROLS, INC., and DOES 1 to 20, inclusive, | |
| 17 | |
| 18           Defendant. | |

19

20

21

22

23

24

25

26

27

28

1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   JESSICA R. PERRY (STATE BAR NO. 209321)
    jperry@orrick.com
3   LINDSEY CONNOR HULSE (STATE BAR NO. 258514)
    lhulse@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, California  94025
    Telephone:   650-614-7400
6   Facsimile:    650-614-7401

7   Attorneys for Defendant
    JOHNSON CONTROLS, INC.

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                                      CV 13-03214

12  LINDA DELATORRE, individually and on        Case No. 113CV244633       PSG
    behalf of others similarly situated and
13  aggrieved,                                  DEFENDANT JOHNSON CONTROLS,
                                                INC.'S NOTICE OF REMOVAL OF
14                          Plaintiff,          CLASS ACTION

15         v.

16  JOHNSON CONTROLS, INC., and DOES 1 to
    20, inclusive,
17
                            Defendant.
18

19

20

21

22

23

24

25

26

27

28

OHSUSA:754046828.2

1   TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2   CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE that Defendant Johnson Controls, Inc. files this Notice of

4   Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the

5   above-captioned action, which was commenced in the Superior Court of the State of California

6   County of Santa Clara, and states that the removal is proper for the reasons stated below.

7   **BACKGROUND**

8       1.    On April 15, 2013, Plaintiff Linda Delatorre, individually and purportedly on

9   behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the

10   County of Santa Clara, entitled "Linda Delatorre,  individually and on behalf of other similarly-

11   situated, Plaintiffs, v. Johnson Controls, Inc., and Does 1 through 20, inclusive, Defendants", No.

12   113CV244633 (the "Action").   On May 20, 2013, Plaintiff filed a First Amended Complaint in

13   the Action.  The allegations of the First Amended Complaint in the Action are incorporated by

14   reference in this Notice of Removal without admission of any of them.

15       2.    The First Amended Complaint purports to bring ten (10) class-wide claims against

16   Defendant, alleging claims based upon the Plaintiff's employment relationship with Defendant.

17   The First Amended Complaint alleges class-wide claims for violations of the California Labor

18   Code and the California Business & Professions Code § 17200 *et seq.*, and seeks relief in the

19   form of allegedly unpaid vacation wages, waiting time penalties and civil penalties under the

20   California Labor Code, statutory attorneys' fees and interest.

21       3.    The First Amended Complaint names Defendant Johnson Controls, Inc., a non-

22   California corporation with its principal place of business in Wisconsin.  Defendant is informed

23   and believes there have been no other defendants named in this case.

24       4.    Defendant's attorneys agreed to accept service of process and were served with the

25   Summons and First Amended Complaint and other papers effective on June 12, 2013.  Attached

26   hereto as **Exhibit A** is a true and correct copy of the Summons and First Amended Complaint

27   together with all other pleadings, process and orders served on Defendant, and with the Notice of

28   Acknowledgement and Receipt of Service of Summons executed by Defendant's counsel on June

OHSUSA:754046828.2

- 1 -

11, 2013.  This Notice of Removal is timely as it is filed within thirty (30) days of service on Defendant of a copy of the Summons and Complaint in this matter.  *See* 28 U.S.C. § 1446(b).

## CLASS ACTION FAIRNESS ACT

5.      Defendant removes this action based upon the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  This Court has original jurisdiction of this action under § 1332(d)(2).  As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).  Further, no defendant identified in the First Amended Complaint is a state, officers of a state, or a governmental agency.  28 U.S.C. § 1332(d)(5).

Diversity of Citizenship

6.      Plaintiff's Citizenship.  Plaintiff alleges that she worked for Defendant in the State of California and identifies herself as a "California employee."  First Amended Complaint, ¶¶ 8, 9.  On information and belief, Defendant alleges that Plaintiff has been a resident[1] within the State of California at all times relevant to the matters set forth in the First Amended Complaint and that she was a California citizen during her employment with Defendant.  *Id.*  Therefore, Defendant alleges that Plaintiff is a citizen of California.

7.      Citizenship of Members of Proposed Plaintiff Classes.  Plaintiff alleges that the proposed classes consist only of persons employed within the State of California for Defendant.  First Amended Complaint, ¶ 56.  On that basis, Defendant alleges that at least two-thirds of the persons who make up the proposed class are citizens of the State of California.

8.      Defendant's Citizenship.  Defendant is a citizen of Wisconsin.  *See* Declaration of Diane Daumler in Support of Defendant's Notice of Removal ("Daumler Dec."), ¶ 5.  A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the

---

[1] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).   Plaintiff's residency thus indicates that she is a citizen of California.

State where it has its principal place of business." 28 U.S.C. § 1332(c). Defendant is incorporated under the laws of the State of Wisconsin, and has its principal place of business in Milwaukee, Wisconsin, where it is headquartered. Daumler Dec., ¶ 5.

9.    <u>Doe Defendants' Citizenship.</u>  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

10.    <u>Size of Class.</u>  The First Amended Complaint defines four (4) putative classes comprised of all "California employees" who (1) were eligible for paid vacation and did not receive accrued, unused vacation at the time they separated from employment; and/or, (2) were not timely paid all wages earned at the time they separated from employment; and/or, (3) were eligible to receive one or more wage statements; and/or (4) signed any document that purported to abbreviate applicable statute of limitations.[2]  First Amended Complaint, ¶ 56.  According to the First Amended Complaint, the applicable class period is, dependent on the claim, three or four years preceding the filing of the original Complaint up to and through the time of trial.  First Amended Complaint, ¶ 56.  Defendant estimates that the number of California employees who were eligible for paid vacation and did not receive accrued, unused vacation at the time their employment separated during the putative class period is approximately 1,063 people; that the number of California employees who separated from employment in the last three years and received a check following their termination date is approximately 626 people; and, that the number of California employees who were eligible to receive one or more wage statements during the putative class period is approximately 626 people.[3]  Daumler Dec. ¶ 4.

---

[2] Plaintiff does not seek any monetary relief on behalf of California employees who signed any document that purported to abbreviate the applicable statute of limitations.  First Amended Complaint, ¶¶ 130-132.

[3] Plaintiff alleges a three-year class period for the alleged violation of Labor Code section 226.  First Amended Complaint, ¶ 56.  But *see* Cal. Code Civ. Proc. § 340(a) setting forth a one-year statute of limitations.  For the purposes of the Notice of Removal only, Defendant calculates potential damages based on Plaintiff's allegation.

Amount in Controversy

11.     The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  Defendant denies Plaintiff's claims in their entirety and asserts that Plaintiff's claims are not amenable to class treatment, but provides the following analysis of potential damages (without admitting liability) in order to demonstrate that Plaintiff's First Amended Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).  The First Amended Complaint seeks payment of allegedly unpaid vacation wages over a four-year period; damages for allegedly inaccurate wage statements at the amounts set by Labor Code § 226(a), which sets forth maximum damages of $4,000 per employee over an alleged three-year period; and, payment of waiting time penalties under California Labor Code § 203, which provides that wages shall continue at their regular rate for a period of up to 30 days if all concededly due wages are not paid at the time of termination over a three-year period.   As set forth below, the amount in controversy implicated by Plaintiff's class-wide allegations in the First Amended Complaint far exceeds $5,000,000.

12.     When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Where the complaint is silent, a defendant need only satisfy the amount in controversy by a preponderance of the evidence. *Singer, supra,* 116 F.3d at 376.  Thus, Defendant in this case is only required to establish that it is more likely than not that the amount in controversy exceeds $5,000,000.  Statutory penalties may be considered by the Court when determining the amount in controversy.  *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).  The Court should also include requests for attorneys' fees in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13.     In measuring the amount in controversy, the Court must first consider a plaintiff's complaint at the time of the removal and "assume that the allegations of the complaint are true"

- 4 -

and "what amount is put 'in controversy' by the plaintiff's complaint." *Korn v. Polo Ralph Lauren Corp.*, 563 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

14.     The potential damages and penalties Plaintiff seeks in this action easily exceed $5,000,000, exclusive of interest and costs.  Plaintiff was employed by Defendant for approximately 52 work weeks. *See* Declaration of Heather Herling in Support of Defendant's Notice of Removal ("Herling Dec."), ¶ 4.  Her average hourly rate of pay during her year of employment was $23.00.  *Id.*

15.     Plaintiff's first claim is for failure to pay vacation and the proposed class consists of all California employees who were eligible for paid vacation and did not receive accrued but unused vacation at the time their employment separated.  First Amended Complaint, ¶¶ 56, 60-67.  Plaintiff alleges that Defendant had a policy requiring forfeiture of unused vacation, and failed to pay vacation wages due and owing upon a separation of employment.  First Amended Complaint, ¶¶ 63, 64.  Plaintiff also alleges that she was not paid 72 hours of accrued, unused regular vacation time and 8 hours of accrued, unused holiday vacation time when she resigned from Defendant.  First Amended Complaint, ¶¶ 26-28.  Plaintiff's individual potential damages on this first claim for relief would be $1,840.00 ($23.00 hourly rate x. 80 vacation hours).  Assuming (as alleged in the First Amended Complaint) that Plaintiff's claims are typical of the class and that at least 80 hours of vacation pay is at issue for each putative class member, the amount in controversy on the first claim alone would be **$1,955,920.00** ($1,840.00 x 1,063  putative class members).

16.     Plaintiff's third claim is for failure to timely pay wages due upon separation of employment and the proposed class consists of all California employees who separated from employment and were not timely paid all wages earned.  First Amended Complaint, ¶¶ 56, 80-88.  Plaintiff alleges that Defendant failed to pay putative class members all wages due and payable upon separation from the Company within the time provided by Labor Code section 202.  First Amended Complaint, ¶ 85.  Plaintiff also alleges Defendant did not pay her all wages due until five (5) months after her separation.  First Amended Complaint, ¶¶ 31, 40.  Plaintiff's individual potential damages on this third claim for relief would be $5,520.00 ($23.00 hourly rate x 8 hours

= $184.00 daily rate; $184.00 daily rate x 30 days).  Assuming (as alleged in the First Amended Complaint) that Plaintiff's claims are typical of the class and that at least 30 days of waiting time penalties is at issue for each putative class member, the amount in controversy on the third claim alone would be **$3,455,520.00** ($5,520.00 x 626 putative class members).

17.     Plaintiff's fifth claim is for failure to provide accurate itemized wage statements and the proposed class consists of all California employees who were eligible to receive one or more wage statements.  First Amended Complaint, ¶¶ 56, 99-111.  Plaintiff alleges that Defendant failed to provide the inclusive dates of the pay period, the total hours worked, the applicable hourly rates, and the gross and net wages earned on the wage statement. First Amended Complaint, ¶ 104.  Plaintiff received itemized wage statements every two weeks.  Herling Dec., ¶ 4.  Plaintiff's individual potential damages over the 26 pay periods (for 52 workweeks) that she was employed would be $2,550.00 ($50 for first violation + ($100 x 25 subsequent violations).  Assuming (as alleged in the First Amended Complaint) that Plaintiff's claims are typical of the class and that at least 26 pay period violations are at issue for each putative class member, the amount in controversy on the fifth claim alone would be **$1,596,300.00** ($2,550.00 x 626 putative class members).

18.     Plaintiff's second, fourth, sixth, eighth and ninth claims are for civil penalties pursuant to California Labor Code 2699 ("PAGA") for the alleged underlying violations of failure to pay vacation, failure to timely pay wages due upon separation, and failure to provide accurate itemized wage statements, as well as allegations concerning the employees' agreement to the document that purported to abbreviate applicable statute of limitations.  First Amended Complaint, ¶¶ 68-79, 89-98,112-124, 133-143.   Plaintiff seeks to recover civil penalties in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. *See e.g.* First Amended Complaint, ¶¶ 77-78.  Plaintiff's *minimum* individual potential damages, using only one of her five PAGA claims (failure to provide accurate itemized wage statements) for the purposes of this removal, over the 26 pay periods (for 52 workweeks) for which she was employed would be $5,100 ($100 for first violation + ($200 x 25 subsequent violations).  Assuming (as alleged in the

1   First Amended Complaint) that Plaintiff's claims are typical of the class, and that at least 26 pay

2   periods are at issue for each putative class member, the amount in controversy on one PAGA

3   claim alone would be **$3,192,600** ($5,100 x 626 putative class members).

4         19.    As the calculations above demonstrate, there is well over $5,000,000 in

5   controversy in this action, without even addressing the issue of potential attorneys' fees, which

6   are provided for by statute and in the Ninth Circuit typically are 25% of any judgment in favor of

7   the plaintiff.   Indeed, based on the conservative estimates above, and excluding attorneys' fees,

8   the total amount in controversy for Plaintiff's claims is **more than ten million dollars**

9   **($10,200,340).**

10   No Bases for Rejecting or Declining Jurisdiction

11         20.    There are no bases for this Court to reject or decline jurisdiction as set out in 28

12   U.S.C. § 1332(d).  Further, as set out above, no named defendant is a citizen of California; thus

13   28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

14   VENUE

15         21.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a),

16   1446(a), and 84(c)(2).  This action was originally brought in the Superior Court of the State of

17   California, County of Santa Clara, which is embraced by the Northern District of California, San

18   Jose Division.

19   NOTICE OF REMOVAL

20         22.    This Notice of Removal shall be served promptly on Plaintiff and filed with the

21   Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

22         23.    In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies

23   of the state-court papers served herein, including the Summons and First Amended Complaint.

24         WHEREFORE, Defendant prays that this civil action be removed from the Superior Court

25   of the State of California, County of Santa Clara to the United States District Court for the

26   Northern District of California (San Jose Division).

27

28

- 7 -

1   Dated:  July 11, 2013                          LYNNE C. HERMLE
                                                   JESSICA R. PERRY
2                                                  LINDSEY CONNOR HULSE
                                                   Orrick, Herrington & Sutcliffe LLP
3

4
                                                   By: _____
5                                                        Jessica R. Perry
                                                        Attorneys for Defendant
6                                                  JOHNSON CONTROLS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**SUM-100**

## SUMMONS to THE FIRST AMENDED
### (CITACION JUDICIAL)      COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** JOHNSON CONTROLS, INC., and DOES 1
*(AVISO AL DEMANDADO):* through 20, inclusive,

2013 MAY 20  P 3:10

**YOU ARE BEING SUED BY PLAINTIFF:** LINDA DELATORRE, individually
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of others
similarly-situated and aggrieved,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 North First Street
San Jose, California 95113

CASE NUMBER:
*(Número del Caso):*  113CV244633

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: DIANE E. RICHARD, ESQ.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GRAHAM HOLLIS, A.P.C.
3555 Fifth Avenue, SAN DIEGO, CA 92103                                    619-692-0800
DATE:                                          Clerk, by                                     , Deputy
*(Fecha)*   **MAY 20 2013**          *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1   Graham S.P. Hollis (SBN 120577)
    ghollis@grahamhollis.com
2   Diane E. Richard (SBN 204897)
    drichard@grahamhollis.com
3   GRAHAMHOLLIS APC
    3555 Fifth Avenue
4   San Diego, California 92103
    Telephone: 619.692.0800
5   Facsimile: 619.692.0822

6   Attorneys for Plaintiff

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10  LINDA DELATORRE, individually and on          UNLIMITED CIVIL: CLAIMS EXCEED
    behalf of others similarly-situated and                 $25,000.00
11  aggrieved,
                                                  Case No.:  113CV244633
12              Plaintiff,
                                                  FIRST   AMENDED   COMPLAINT   FOR
13          v.                                    DAMAGES,  RESTITUTION,  INJUNCTIVE
                                                  RELIEF,  DECLARATORY  RELIEF  AND
14  JOHNSON CONTROLS, INC., and DOES 1            PENALTIES
    through 20, inclusive,
15                                                INDIVIDUAL, CLASS ACTION AND PAGA
                Defendants.                       REPRESENTATIVE ENFORCEMENT ACTION
16                                                1.  Violation of California Labor Code Section
                                                      227.3
17                                                2.  PAGA Claim for Violation of California
                                                      Labor Code Section 227.3
18                                                3.  Failure to Pay Wages Timely Upon
                                                      Separation of Employment
19                                                4.  PAGA Claim for Failure to Pay Wages
                                                      Timely Upon Separation of Employment
20                                                5.  Failure to Furnish Accurate Itemized Wage
                                                      Statements
21                                                6.  PAGA Claim for Failure to Furnish Accurate
                                                      Itemized Wage Statements
22                                                7.  Declaratory and Injunctive Relief
                                                8.  PAGA Claim for Violation of Labor Code
23                                                    Section 219
                                                9.  PAGA Claim for Violation of Labor Code
24                                                    Sections 204 and 510
                                                10. Violation of California Business &
25                                                    Professions Code Section 17200 et seq.

26                                                        JURY TRIAL REQUESTED

27

28  ///

                                        1
                            FIRST AMENDED COMPLAINT

    BY FAX

Plaintiff LINDA DELATORRE, individually, and on behalf of herself and others similarly-situated and others aggrieved alleges as follows:

### I.

### NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      PLAINTIFF LINDA DELATORRE (hereinafter "PLAINTIFF" or "DELATORRE") at times relevant, was a non-exempt employee of Defendant JOHNSON CONTROLS, INC. and DOES 1 through 20 (referred to as "JCI" or "DEFENDANTS"), eligible for paid vacation under JCI's vacation policy and/or an employment contract.

2.      PLAINTIFF's last date of work at JCI was October 15, 2012.

3.      Although PLAINTIFF provided JCI with at least seventy-two hours' notice of her intention to quit effective October 15, 2012, DEFENDANTS failed to pay PLAINTIFF her wages due and payable at the time she quit, in violation of California law.  Said unpaid wages include unpaid overtime wages for overtime worked by PLAINTIFF, regular wages time worked on her last workday, and her unused, vested vacation wages.  On information and belief, DEFENDANTS willfully fail to pay JCI California vacation-eligible, non-exempt employees, other than PLAINTIFF, and vacation-eligible exempt employees all of their vested, unused vacation wages upon their separation of employment and in accordance with the timing requirements set forth in California Labor Code sections 201 and 202.

4.      DEFENDANTS further intentionally and knowingly failed to furnish to PLAINTIFF and, on information and belief, other JCI California non-exempt and exempt employees accurate itemized wage statements in that the items required to be accurately itemized pursuant to the California Labor Code ("Labor Code") and Industrial Welfare Commission Wage Order ("Wage Order") are not.  For example, the wage statements that DEFENDANTS provide do not accurately itemize (i) gross and net wage earned, (ii) total hours worked by non-exempt employees, (iii) the inclusive dates of the period for which the employee is paid (including overtime wages paid in a different pay period), (iv) and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

5.      As a result of DEFENDANTS' Labor Code and Wage Order violations, PLAINITFF

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

brings this individual, class action and PAGA representative enforcement suit against DEFENDANTS on behalf of herself and all others similarly-situated (as a class action) and all others aggrieved (as a PAGA representative enforcement action) for engaging in a systemic pattern of wage and hour violations under California law during the statutory period of limitations.

6. PLAINTIFF seeks injunctive, declaratory and monetary relief against JCI and DOES 1-20, and each of them, on behalf of PLAINTIFF individually and on behalf of all similarly-situated current and former employees and all aggrieved current and former employees during the applicable statutory period, to recover, among other things, wages, penalties, interest, attorney's fees and costs, and other monies pursuant to Labor Code sections 201, 202, 203, 204, 218, 218.5, 218.6, 219, 226(a), 226(e), 226(h), 227.3, 510, 558, 1198, 2698 *et seq.*, California Code of Civil Procedure sections 526, 527, 1060, and 1021.5, provisions of the applicable Wage Order, and Business & Professions Code section 17200 *et seq.* PLAINTIFF reserves the right to name additional representatives.

## II.

## PARTIES, JURISDICTION AND VENUE

7. Defendant Johnson Controls, Inc. is a Wisconsin corporation and is authorized to and does conduct business in the State of California, including the County of Santa Clara.

8. PLAINTIFF, at times relevant worked for JCI in the State of California in Santa Clara County and was subject to various employment policies, procedures and practices implemented by JCI including but not limited to those relating to wage statements, overtime wages, timing of payment of wages during and upon separation of employment, and paid vacation.

9. PLAINTIFF, and on information and belief, all other California JCI exempt and non-exempt employees are employees of JCI within the meanings set forth in the Labor Code and Wage Order at times during the applicable statutory period.

10. DEFENDANTS are, and at all relevant times, were authorized to and do conduct business in the State of California, including in the County of Santa Clara, and were employers who violated, or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code section 558.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

11.     The true names and capacities of the defendants named as DOES 1 through 20, inclusive, are presently unknown to PLAINTIFF.  PLAINTIFF will amend this Complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained. PLAINTIFF is informed and believes, and on that basis, alleges that each of the fictitious defendants has participated in the acts alleged in this Complaint.

12.     PLAINTIFF is informed and believes, and thereon alleges, that at times relevant JCI has been the employer of all persons, whether exempt or non-exempt, who worked for JCI directly or indirectly, and that directly or indirectly, or through agents or other persons, employed these persons, including PLAINTIFF, and exercised control over their wages, hours, and/or working conditions. PLAINTIFF is informed and believes, and thereon alleges, that each defendant, directly or indirectly, or through agents or other persons, acted and/or ratified in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

13.     Jurisdiction and venue are proper for the Superior Court of California, County of Santa Clara because JCI transacts business, and/or has employees in that County, and further some of the acts and events complained of herein occurred in the judicial district of the Superior Court of California, County of Santa Clara.

**III.**

**GENERAL ALLEGATIONS**

14.     Johnson Controls, Inc. is a technology and industrial company that conducts business in and employs persons in California.

15.     PLAINTIFF was employed by Johnson Controls, Inc. as a non-exempt employee at all times relevant.

16.     PLAINTIFF was an employee of JCI subject to the protections and benefits of the Labor Code and Wage Order and, accordingly, among things, JCI was to (i) pay PLAINTIFF all wages due and payable timely during and upon PLAINTIFF's separation of employment from JCI, (ii) maintain and provide PLAINTIFF with accurate itemized wage statements, and (iii) not present PLAINTIFF with an unlawful employment agreement purporting to shorten statute of limitations.

4

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

17.     On information and belief, JCI is to (i) pay all wages due and payable timely during and upon separation of employment from JCI, (ii) provide accurate itemized wage statements to all California JCI exempt and non-exempt employees during the statutory periods of limitations, and (iii) not present its California exempt and non-exempt employees with an unlawful employment agreement purporting to shorten statute of limitations.

18.     PLAINTIFF commenced employed at JCI on or about October 10, 2011.

19.     PLAINTIFF did not have a written contract for a definite period.

20.     PLAINTIFF provided JCI with at least seventy-two hours' notice of her intention to quit her employment with her last date of work to be October 15, 2012.

21.     PLAINTIFF's actual last date of work was in fact October 15, 2012.

22.     PLAINTIFF worked at least eight hours on October 15, 2012.

23.     PLAINTIFF was an employee eligible for paid vacation by JCI. PLAINTIFF had an employment contract that set forth paid vacations. Moreover, JCI's policy that PLAINTIFF worked under provides for "paid vacations." JCI's policy provides for paid vacations in two forms: "regular" paid vacations and "floating holiday" paid vacation (in the form of four non-standard holidays (two set by account and two available to be scheduled)). Collectively, these forms of paid vacations are "paid vacations" as that term is used in California Labor Code section 227.3.

24.     PLAINTIFF was eligible for 8 hours of regular paid vacation time starting October 2011 for the remainder of the 2011 calendar year. PLAINTIFF did not use any of this regular paid vacation time during 2011.

25.     PLAINTIFF also was eligible for 80 hours of regular paid vacation time starting January 2012. During 2012, PLAINTIFF used and was paid for 16 regular paid vacation hours at her hourly rate of $23.

26.     At the time of PLAINTIFF's last work date, PLAINTIFF legally had 72 hours of vested, unused regular paid vacation time remaining. This amount is derived from subtracting the 16 hours of regular paid vacation time she used in 2012 from her total accrued bank of 88 hours of regular paid vacation time for the years 2011 and 2012.

27.     Despite having 72 hours of unused, vested regular vacation wages owing at the time

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

of her separation, JCI willfully failed to pay PLAINTIFF her 72 hours of vested, unused regular vacation wages on her last date of work.

28.     Moreover, PLAINTIFF did not use all of her floating holiday paid vacation time during her employment and thus this amount too should have been paid to her at the time of separation of employment. On information and belief, PLAINTIFF had at least 8 hours of accrued, unused floating holiday paid vacation time on the books at the time of her separation of employment for which she did not get paid.

29.     JCI's policy provides that paid vacation time does not carry over from one calendar year to the next (unless a different provision under state law). In California, forfeiture of paid vacations including in the form of not carrying over into the next calendar year (a use-if-or-lose-it policy) is unlawful.

30.     JCI keeps track of accrued and used paid vacations and thus JCI knew or should have known that accrued, unused time was on the books for PLAINTIFF at the time of her separation. JCI unlawfully subjected PLAINITFF to a forfeiture plan and willfully failed to pay PLAINTIFF timely in accordance with Labor Code section 202(a), any of her vested, unused vacation wages.

31.     It took JCI approximately five months to pay PLAINTIFF some, but not all, of her unused, vested vacation wages. In fact, it was only after PLAINTIFF requested her vested, unused vacation wages in March 2013 that JCI paid some of PLAINTIFF's vested regular vacation wages that should have been paid to her on October 15, 2012. However, even then, JCI only paid 64 hours of regular paid vacation wages to PLAINTIFF, rather than the 72 hours of regular paid vacation wages that are due and payable. JCI further failed to pay PLAINTIFF her accrued, unused floating holiday paid vacation wages.

32.     As a result of JCI's illegal forfeiture policy and practice, DEFENDANTS failed to pay all due and owing vacation wages to PLAINTIFF at her final rate of pay, violating California law including Labor Code sections 202(a) and 227.3.

33.     On information and belief, JCI has a company-wide vacation forfeiture plan that is illegal in California and, therefore, engages in a pattern and practice of willfully not paying, to vacation-eligible California JCI employees whose employment separated during the statutory

limitations period, all of their vested, unused vacation wages by the times set forth in Labor Code sections 201 and 202. JCI, for example, knows the amount of vacation time that accrues and vests and that which is used. Yet, JCI illegally subjects its California employees to a forfeiture plan in addition to late payment of vacation wages upon separation of employment, if payment is even made at all.

34.     As a result of DEFENDANTS' violations, PLAINTIFF brings an individual claim, PAGA and putative class action claim to recover waiting time penalties pursuant to Labor Code section 203, all due and payable unused, vested vacation wages, interest on these wages, PAGA penalties and all other available remedies for DEFENDANTS' violations.

35.     Furthermore, because of PLAINTIFF's non-exempt status, at all times relevant, DEFEDANTS were required to pay PLAINTIFF overtime wages at the applicable overtime rate for any and all overtime hours she worked and at least the applicable minimum wage rate for non-overtime time hours she worked. In addition, DEFEDANTS were required to pay PLAINTIFF all wages due and payable to her on her last work day of October 15, 2012.

36.     In addition to claims relating to unpaid vacation wages, PLAINTIFF brings an action to recover penalties under Labor Code section 203 as a result of DEFENDANTS' (i) failure to pay PLAINTIFF all overtime wages for overtime hours worked on October 6, 2012, and (ii) failure to pay PLAINTIFF all wages due and payable at the time of her quitting on October 15, 2012 including wages for the time she worked on October 15, 2012.

37.     On or about October 6, 2012, PLAINTIFF worked 8 hours of overtime.

38.     On numerous occasions before her last date of employment, PLAINTIFF informed JCI that she worked 8 hours of overtime and requested her overtime wages for this time.

39.     Despite her repeated requests, DEFENDANTS failed to pay PLAINTIFF her overtime wages timely during employment. DEFENDANTS willfully further failed to pay PLAINTIFF her unpaid overtime wages on October 15, 2012, her last day of work.

40.     It was not until five months later, on March 6, 2013, that JCI paid PLAINTIFF wages in the amount of eight hours of overtime for work on October 6, 2012.

41.     Contrary to its obligations under California law, JCI paid PLAINTIFF her overtime

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

7

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1   wages only after PLAINTIFF made repeated attempts, both during and after employment, to be paid

2   for her unpaid overtime wages.

3       42.     DEFENDANTS furthermore willfully failed to pay PLAINTIFF timely at the time

4   of her quitting on October 15, 2012 in that work time performed on October 15, 2012, her last date of

5   work, went unpaid until October 29, 2012.

6       43.     PLAINTIFF worked at least 8 hours for JCI on October 15, 2012.  Although the law

7   required DEFENDANTS to pay PLAINTIFF, on October 15, 2012, all of her wages due and payable,

8   DEFENDANTS unlawfully, willfully and without good reason violated Labor Code section 202 as a

9   result of its failure to pay PLAINTIFF all wages due and payable on October 15. PLAINTIFF

10  therefore seeks to recover waiting time penalties under Labor Code section 203 for DEFENDANTS'

11  willful untimely payment of wages for her last work day. On information and belief, JCI does not pay

12  all California employees their wages timely upon separation of employment in conformance with

13  Labor Code sections 201 and 202.  PLAINTIFF therefore seeks, in an individual and class action, to

14  recover waiting time penalties under Labor Code section 203 for DEFENDANTS' willful untimely

15  payment of overtime wages and furthermore seeks, in a PAGA action, to recover PAGA penalties for

16  this violation.

17      44.     DEFENDANTS furthermore failed to furnish accurate itemized wage statements to

18  PLAINTIFF and other California exempt and non-exempt employees, as required by Section 226(a).

19      45.     PLAINTIFF and all other California JCI employees, exempt and non-exempt, are to

20  be provided with accurate itemized wage statements containing the information detailed in Labor

21  Code section 226(a) and in the "Records" section of the applicable Wage Order.

22      46.     For example, the wage statements that DEFENDANTS furnish to its employees do

23  not accurately itemize (i) gross and net wage earned, (ii) total hours worked by non-exempt

24  employees, (iii) the inclusive dates of the period for which the employee is paid (including overtime

25  wages paid in a different pay period), (iv) and all applicable hourly rates in effect during the pay

26  period and the corresponding number of hours worked at each hourly rate by the employee.

27      47.     DEFENDANTS do not provide accurate wage statements containing gross and net

28  wages earned because not all wages earned are itemized on the wage statements.  For example, as

alleged herein, DEFENDANTS failed to pay all vested, unused vacation wages upon employees' separation of employment and further failed to pay all earned wages timely to PLAINTIFF. As a result of these failures, the wage statements provided do not accurately itemize all gross and net wages earned.

48.     DEFENDANTS do not provide accurate wage statements containing the total hours worked by non-exempt employees and the inclusive dates of the period for which the employee is paid because for example, as alleged herein, DEFENDANTS failed to itemize the total overtime hours worked by PLAINTIFF and regular hours worked by PLAINTIFF for each pay period. JCI, for example, failed to itemize on the wage statement covering October 6, 2012, PLAINTIFF's total hours worked because it failed to include on the wage statement 8 hours (of overtime) that PLAINTIFF worked during that pay period. Indeed, even when JCI ultimately paid PLAINTIFF, on or about March 6, 2013, 8 hours of overtime, JCI failed to identify on the wage statement it provided to PLAINTIFF, what time period the 8 hours of overtime worked was for. Instead, JCI identified the pay period end date of March 9, 2013, which is inaccurate as PLAINTIFF was not working for JCI at that time. Moreover, DEFENDANTS did not accurately record on a wage statement the hours PLAINTIFF worked on her last date of employment. Instead, DEFENDANTS recorded 8 hours of regular time for the period of October 21, 2012 through October 27, 2012, dates well beyond PLAINTIFF's last work date. On information and belief, DEFENDANTS failed to properly itemize this required information on wage statements of other California JCI employees.

49.     DEFENDANTS furthermore do not provide accurate wage statements containing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. DEFENDANTS for example fail to identify on the wage statements all applicable hourly rates in effect. The wage statements provided to PLAINTIFF, and on information and belief other JCI California exempt and non-exempt employees, fails to identify any applicable hourly rates.

50.     On information and belief, the wage statement omissions and inaccuracies are not as a result of isolated and unintentional payroll error due to a clerical or inadvertent mistake. In fact, on further information and belief, DEFENDANTS' policies, procedures and practices, even prior to the

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1  alleged violations, did not fully comply with California Labor Code section 226, and the inaccuracies

2  are knowing and intentional.

3    51. As a result of these omissions and inaccuracies, PLAINTIFF, and on information

4  and belief other California JCI exempt and non-exempt employees, were not promptly and easily able

5  to determine from their wage statements, without reference to other documents and information gross

6  and net wages earned, all applicable hourly rates in effect during the pay period and the

7  corresponding number of hours worked at each hourly rate, and total hours worked and the inclusive

8  dates of the period for which they were paid.

9    52. PLAINTIFF and on information and belief other California JCI exempt and non-

10  exempt employees suffered injuries, including loss of monies and not being able to promptly and

11  easily determine items which are to be itemized, and did so as a result of DEFENDANTS' knowing

12  and intentional failure to comply with Labor Code section 226(a)

13    53. JCI furthermore unlawfully presents and/or has its California employees sign

14  document(s), including but not limited to an "Employment Agreement," that purport to bind these

15  employees to an abbreviated the statutes of limitations for filing claims or lawsuit that they may have

16  arising out of their employment or application for employment with JCI.  JCI attempts to limit the

17  statute of limitations to six (6) months after the date of the adverse employment action that is the

18  subject of the claim or lawsuit, to the extent permitted by law.  The Employment Agreement that

19  PLAINTIFF signed is attached hereto as Exhibit A.  Such a maneuver causes irreparable injury in that

20  JCI is representing to California employees' that the statute of limitations could be only six (6)

21  months when under the law some statute of limitations are for much longer such as four (4) years.

22  Such representation unlawfully presents a shorter statute of limitations to California employees and

23  has a chilling effect on actions and claims against JCI.  JCI furthermore has not abbreviated the

24  statutes of limitations that it has available for itself.  Such action makes any document or agreement

25  unconscionable. Any action to shorten the statute of limitations is unlawful including but not limited

26  to being so under California Labor Code section 219.

27    54. PLAINTIFF is concurrently making a claim under the California Private Attorney's

28  General Act contained in California Labor Code section 2698 *et seq.* by providing notice to JCI and

the California Labor and Workforce Development agency pursuant to the PAGA statute.  At true and correct copy of the notice is attached as Exhibit B.  Plaintiff will amend this complaint to include causes of action for PAGA as permitted by law including but not limited to Labor Code section 2699.3

IV.

**CLASS ACTION DESIGNATION**

55.      PLAINTIFF brings this class action pursuant to Code of Civil Procedure section 382 on behalf of all similarly-situated current and former JCI employees as follows:

56.      The Classes that PLAINTIFF seeks to represent are defined as:

The *Vacation Class*:

> All California employees of Johnson Controls, Inc. ("JCI") who were eligible for paid vacation at JCI, through a contract of employment and/or employer policy but outside of a collective-bargaining agreement, and whose employment with JCI ended at any time since the four (4) years preceding the filing of the complaint through the date of certification and who were not paid all vacation wages at their final rate of pay at the time of separation of employment.

The *Final Paycheck Class*:

> All California employees of Johnson Controls, Inc. ("JCI") who at any time since the three (3) years preceding the filing of the complaint through the date of certification:
> (i)      were discharged from their employment and who were not paid immediately all of their wages earned and unpaid at the time of their discharge including vacation wages
> (ii)     did not have a written contract for a definite period and quit their employment with at least 72 hours previous notice of their intention to quit, and who were not paid all of their wages at the time of quitting including vacation wages, and/or
> (iii)    did not have a written contract for a definite period and quit their employment without at least 72 hours previous notice of their intention to quit, and who were not paid all of their wages, including vacation wages, not later than 72 hours after quitting and who were not paid waiting time penalties under California Labor Code section 203, for each day the wages went unpaid from the due date until paid or until an action is commenced, to a maximum of 30 calendar days.

The *Wage Statement Class*:

> All California employee of Johnson Controls, Inc. ("JCI") who at any time since the three (3) years preceding the filing of the complaint through certification were eligible to receive one or more wage statements.

The *Statute of Limitations Class*:

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

11

FIRST AMENDED COMPLAINT

All California employees of Johnson Control, Inc. ("JCI") who have been presented with any document and/or who signed any document, including but not limited to an "Employment Agreement," that purports to abbreviate the statutes of limitations for filing claims or lawsuits against JCI arising out of employment with JCI or application for employment with JCI.

57.     As to Causes of Action One, Three, Five, Seven and Ten, PLAINTIFF seeks to recover on behalf of the Classes all remedies available to the extent permitted by law including, but not limited to, wages, damages, penalties, interest, attorney's fees, costs, other monies due and owing and injunctive relief.

58.     Causes of Action One, Three, Five, Seven and Ten are appropriately suited for a class action under Code of Civil Procedure section 382 because:

a.     Numerosity:   The potential Classes as defined are significant in size because PLAINTIFF is informed and believes and thereon alleges that at all relevant times, there were more than forty similarly-situated persons in each of the Classes who were affected by the unlawful employment practices alleged herein.   Based on the potential class size, joinder of all employees individually would be impractical.

b.     Commonality:   This action involves common questions of law and fact particular to each putative Class because the action focuses on JCI's systematic course of illegal conduct with respect to violating the Labor Code and applicable Wage Order and implementing company-wide policies uniformly applied to all members of each putative Class members. Common questions of law and fact include, but are not limited to,

i. Whether JCI knowingly and willingly failed to provide accurate itemized wage statements in violation of Labor Code sections 226;

ii. Whether JCI willfully failed to pay vacation-eligible employees all vested, unused vacation wages timely upon separation of employment;

iii. Whether JCI failed to pay vacation-eligible employees all vested, unused vacation wages upon separation of employment;

iv. Whether JCI paid final wages timely upon separation of employment;

v. Whether JCI's attempt to abbreviate statutes of limitations is unlawful;

12

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

vi. Whether JCI engaged in unlawful practices in violation of Labor Code section 17200 *et. seq.*

c.    Typicality:  PLAINTIFF's claims, including those alleged herein are typical of the claims of the putative Classes because PLAINTIFF was subjected to the same violations of her rights under California law, is a member of both Classes, and seeks the same types of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the putative Classes she seeks to represent.

d.    Adequacy of Representation:  PLAINTIFF is able to fairly and adequately protect the interests of all members of the putative Classes because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due for all pay, benefits and other relief afforded under the Labor Code and Wage Order. PLAINTIFF's interest is not in conflict with those of the putative class members in either Class.  PLAINTIFF's counsel is competent and experienced in litigating large employment class actions including wage and hour cases such as this case.

e.    Superiority of Class Action:  Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of these claims.  Each putative class member has been damaged and is entitled to recovery, and/or declaration of rights, injunction, by reason of JCI's illegal policies, and/or practices as alleged herein.  Class action treatment will allow those similarly-situated persons to litigate his/her claims in the manner that is most efficient and economical for the parties and the judicial system.

**V.**

**PRIVATE ATTORNEYS GENERAL ACT OF 2004 DESIGNATION**

59.    Causes of Action Two, Four, Six, Eight, and Nine-are appropriately suited for a Labor Code Private Attorneys General Act of 2004 (hereinafter referred to as "PAGA") representative enforcement action on behalf of other current and former employees (non-exempt and exempt as set forth herein) during the statutory PAGA period (including the tolling period permitted through Labor Code section 2699.3(d)) ("PAGA Persons") because:

a.    This action involves allegations of violations of provisions of the California Labor Code that either do not provide for a civil penalty or provide for a civil penalty to be assessed and

13

FIRST AMENDED COMPLAINT

collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") or any departments, divisions, commissions, boards, agencies or employees;

b.     PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of PAGA Persons;

c.     PLAINTIFF seeks to recover all applicable penalties under PAGA on behalf of herself and all other aggrieved employees including, but not limited to, an amount sufficient to recover underpaid wages including all unpaid and/or underpaid wages pursuant to Labor Code section 558, *Reynolds v. Bement* 36 Cal.4th 1075, 1089 (2005) and *Thurman v. Bayshore Transit Management, Inc.* 203 Cal.App.4th 1112 (2012);

d.     Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy is attached as Exhibit B.  No notice from the LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark date of her notice.  Moreover, Johnson Controls, Inc. has not provided, within 33 calendar days of the postmark date of PLAINTIFF's notice, PLAINTIFF, and on information and belief Johnson Controls, Inc., with any written notice, by certified mail, that the alleged violations were cured and a description of the actions taken.

e. Accordingly, PLAINTIFF may and does commence a civil action under the PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A) and 2899.3(c)(2)(A). Pursuant, to Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et seq.*] are not counted as part of the time limited for the commencement of the civil action to recover penalties under [the PAGA statute]."   Furthermore, pursuant to California Labor Code section 2699.3(a)(1)(C), PLAINTIFF, as a matter of right, amends to add causes of action arising under the PAGA statute.

/ / /

/ / /

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

# VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 227.3

(Violation of California Labor Code sections 227.3)
(Alleged by PLAINTIFF Individually and On Behalf of the Vacation Class Against Defendants Johnson Controls, Inc. and Does 1-20)

60.     PLAINTIFF realleges and incorporates by reference paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     California Labor Code section 227.3 provides that "[u]nless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacation time, all vested vacation shall be paid to him as wages in accordance with such contract or employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

62.     PLAINTIFF and members of the Vacation Class were provided with paid vacation time through a contract of employment and/or employer policy but not through a collective bargaining agreement.

63.     PLAINTIFF and members of the Vacation Class were subjected to an employer contract and/or employer policy that provides for forfeiture of vested vacation time upon termination.

64.     PLAINTIFF and members of the Vacation Class did not receive all vacation wages due and owing upon a separation of employment, in violation of Labor Code section 227.3.

65.     Labor Code sections 218, 218.5 and 218.6 permit the recovery of the unpaid wages, penalties, interest, and attorney's fees and costs as a result of non-payment of vacation wages due pursuant to Labor Code section 227.3

66.     As a direct result of DEFENDANTS' violations, including those alleged herein, PLAINTIFF and members of the Vacation Class have suffered and continue to suffer injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligation

15

GRAHAM**H**OLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

67.     PLAINTIFF seeks to recover in a civil action all remedies available including unpaid wages, penalties, interest, attorney's fees and costs, to the fullest extent permissible including those permitted pursuant to Labor Code sections 218, 218.5, 218.6, 227.3 and Code of Civil Procedure section 1021.5.

WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

### PAGA CLAIM FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 227.3

(Violation of California Labor Code Section 227.3)

(Alleged by PLAINTIFF and On Behalf of Exempt and Non-Exempt PAGA Persons against Johnson Controls, Inc.)

68.     PLAINTIFF realleges and incorporates by reference paragraphs 1 through 67, inclusive, as though fully set forth herein.

69.     Pursuant to California Labor Code section 2699, any provision of the Labor Code that does or does not provide for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may be brought as a civil action, brought by an aggrieved employee on behalf of himself or herself and other current or former employees, pursuant to the procedures set forth in Labor Code section 2699.3.

70.     PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of PAGA Persons.

71.     Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy is attached as Exhibit B.  No notice from the LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark date of her notice.  Accordingly, PLAINTIFF may and does commence a civil action under the

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A) and 2899.3(c)(2)(A).  Pursuant, to Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et seq.*] are not counted as part of the time limited for the commencement of the civil action to recover penalties under [the PAGA statute]."

72.      PLAINTIFF and PAGA Persons are/were employees of Johnson Control, Inc. under the laws of the State of California within the meaning of the Labor Code and Wage Order.

73.      Labor Code section 227.3 provides that "[u]nless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacation time, all vested vacation shall be paid to him as wages in accordance with such contract or employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

74.      PLAINTIFF and PAGA Persons were provided with paid vacation time through a contract of employment and/or employer policy but not through a collective bargaining agreement.

75.      PLAINTIFF and PAGA Persons were subjected to an employer contract and/or employer policy that provides for forfeiture of vested vacation time upon termination.

76.      Through Johnson Control Inc.'s conduct during the applicable statutory period, including but not limited to, the conduct alleged herein, including that alleged on information and belief, Johnson Controls, Inc. failed to pay PLAINTIFF and PAGA Persons all vacation wages due and owing upon a separation of employment, in violation of California Labor Code section 227.3.

77.      Pursuant to Labor Code section 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which Johnson Controls, Inc. violated California Labor Code section 227.3.

78.      Pursuant to Labor Code section 2698 *et seq.*, PLAINTIFF seeks to recover civil penalties, including unpaid wages to the extent permissible, on behalf of herself and other PAGA

1   Persons. The exact amount of the applicable penalties is an amount to be shown according to proof at

2   trial and within the jurisdictional limits of the Court.

3       79.     For bringing this action, PLAINTIFF seeks attorney's fees and costs to the extent

4   permitted by Labor Code section 2698 *et seq.*

5       WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

## THIRD CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of California Labor Code Sections 201(a) and 202(a))
(Alleged by PLAINTIFF Individually and On Behalf of the Final Paycheck Class Against
Defendants Johnson Controls, Inc. and Does 1-20)

10      80.     PLAINTIFF realleges and incorporates by reference paragraphs 1 through 79,

11  inclusive, as though fully set forth herein.

12      81.     PLAINTIFF and members of the Final Paycheck Class were to be paid all wages

13  timely upon a separation of employment.

14      82.     Labor Code section 201(a) states "If an employer discharges an employee, the wages

15  earned and unpaid at the time of discharge are due and payable immediately."

16      83.     Labor Code section 202(a) states "If an employee not having a written contract for a

17  definite period quits his or her employment, his or her wages shall become due and payable not later

18  than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her

19  intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

20  Notwithstanding any other provision of law, an employee who quits without providing a 72-hour

21  notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing

22  address. The date of the mailing shall constitute the date of payment for purposes of the requirement

23  to provide payment within 72 hours of the notice of quitting."

24      84.     Through DEFENDANTS' conduct during the applicable statutory period including,

25  but not limited to, the conduct alleged herein, including that alleged on information and belief,

26  DEFENDANTS willfully failed to provide PLAINTIFF and members of the Final Paycheck Class

27  with all wages due and owing by the time specified by Labor Code sections 201(a) and 202(a), as

28  applicable including but not limited to vacation wages.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

85. Moreover, through DEFENDANTS' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, DEFENDANTS willfully failed to provide PLAINTIFF with all wages due and payable by the time set forth by Labor Code section 202(a). These minimum, regular and overtime wages include but not limited to regular and minimum wages for time worked on October 15, 2012 and overtime wages for overtime worked on October 6, 2012, and vacation wages.

86. Labor Code section 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

87. As a direct result of DEFENDANTS' violations alleged herein, PLAINTIFF and members of the Final Paycheck Class have suffered and continue to suffer injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

88. PLAINTIFF seeks to recover in a civil action all remedies including waiting time penalties and attorney's fees and costs, to the fullest extent permissible including those permitted pursuant to Labor Code section 203 and Code of Civil Procedure section 1021.5.

WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

**FOURTH CAUSE OF ACTION**

**PAGA CLAIM FOR FAILURE TO TIMELY PAY WAGES DUE UPON**

**SEPARATION OF EMPLOYMENT**

(Violation of California Labor Code Sections 201(a), 202(a), 203)

(Alleged by PLAINTIFF On Behalf of Exempt and Non-Exempt PAGA Persons Against

Johnson Controls, Inc.)

89. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 88,

19

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1    inclusive, as though fully set forth herein.

2         90.      Pursuant to Labor Code section 2699, any provision of the Labor Code that does or

3    does not provide for a civil penalty to be assessed and collected by the LWDA or any of its

4    departments, divisions, commissions, boards, agencies or employees for violation of the code may, as

5    an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

6    himself or herself and other current or former employees pursuant to the procedures set forth in Labor

7    Code section 2699.3.

8         91.      PLAINTIFF is an "aggrieved employee" because she was employed by the alleged

9    violator and had one or more of the alleged violations committed against her, and therefore is

10   properly suited to represent the interests of PAGA Persons.

11        92.      Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via

12   certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific

13   provisions of the Labor Code alleged to have been violated, including the facts and theories to

14   support the alleged violations.  A true and correct copy is attached as Exhibit B.  No notice from the

15   LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark

16   date of her notice.  Accordingly, PLAINTIFF may and does commence a civil action under the

17   PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A).  Pursuant, to

18   Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et*

19   *seq.*] are not counted as part of the time limited for the commencement of the civil action to recover

20   penalties under [the PAGA statute]."

21        93.      PLAINTIFF and PAGA Persons are/were employees of Johnson Control, Inc. under

22   the laws of the State of California within the meaning of the Labor Code and Wage Order.

23        94.      Labor Code sections 201(a) and 202(a) provides the timeframes by which employers

24   must pay wages due to their employees upon separation of employment.

25        95.      Through Johnson Control Inc.'s conduct during the applicable statutory period

26   including, but not limited to, the conduct alleged herein, including that alleged on information and

27   belief, Johnson Control, Inc. failed to pay PAGA Persons and PLAINTIFF their wages within the

28   time requirements set forth in Sections 201(a) and 202(a) Labor Code.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

96.      Pursuant to Labor Code section 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which Johnson Controls, Inc. violated the Labor Code including Sections 201, 202, and 203.

97.      Pursuant to Labor Code section 2698 *et seq.*, PLAINTIFF seeks to recover civil penalties, including unpaid wages to the extent permissible, on behalf of herself and other PAGA Persons.  The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

98.      For bringing this action, PLAINTIFF seeks attorney's fees and costs to the extent permitted by Labor Code section 2698 *et seq.*

WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

### FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACURATE ITEMIZED WAGE STATEMENTS

(Violation of California Labor Code Sections 226(a), 1198
IWC Wage Order "Records" Section)
(Alleged by PLAINTIFF Individually and On Behalf of the Wage Statement Class Against
Defendants Johnson Controls, Inc. and Does 1-20)

99.      PLAINTIFF realleges and incorporates by reference paragraphs 1 through 98, inclusive, as though fully set forth herein.

100.     PLAINTIFF and members of the Wage Statement Class are to be furnished with accurate wage statements itemizing the information set forth in Labor Code section 226(a) and the "Records" section of the applicable Wage Order.

101.     Labor Code section 226(a) states in pertinent part "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing":

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

(1)    Gross wages earned;

(2)    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

(4)    All deductions;

(5)    Net wages earned;

(6)    The inclusive dates of the period for which the employee is paid;

(7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8)    The name and address of the legal entity that is the employer;

(9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

102.    Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

103.    The "Records" section of the applicable Wage Order provides as a standard of conditions of labor that accurate wage statements be provided to employees and maintained by the employer.

104.    Through DEFENDANTS' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, DEFENDANTS knowingly and intentionally failed to provide accurate wage statements to its

California employees, including but not limited to as a result of its knowing and intentional failure to accurately show the inclusive dates of the period for which the employee is paid, the total hours worked, the applicable hourly rates in effect, and the gross and net wages earned.

105.   Labor Code section 226(e)(1) states "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

106.   Labor Code section 226(e)(2)(A) provides that an employee is deemed to suffer injury for purposes of Section 226(e) of the Labor Code if the employer fails to provide a wage statement. Furthermore, pursuant to Labor Code section 226(e)(2)(B), an employee is deemed to suffer injury for purposes of Section 226(e) of the Labor Code if the employer fails to provide accurate and complete information as required by any one or more items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the items specified in Labor Code section 226(e)(2)(B)(i)-(iv).

107.   Labor Code section 226(h) states "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

108.   PLAINTIFF and members of the Wage Statement Class suffered injuries as a result of DEFENDANTS' intentional and knowing failure to provide to them and maintain the writings required by Labor Code section 226(a). DEFENDANTS' failure to provide and maintain accurate statements left PLAINTIFF and members of the Wage Statement Class, on information an belief, without the ability to know, understand and question the hours worked and wage earned and due. DEFENDANTS' failure additionally resulted in employees not being able to promptly and easily determine from the wages statements alone one or more of the items set forth in Labor Code section 226(e)(2)(B)(i)-(iv).

109.   At all material times, DEFENDANTS were/are PLAINTIFF's and Wage Statement

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

Class members' employers and/or persons acting on behalf of DEFENDANTS within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code section 558 including the payment of an amount sufficient to recover underpaid wages.

110.    As a direct result of DEFENDANTS' violations alleged herein, PLAINTIFF and members of the Wage Statement Class have suffered and continue to suffer injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

111.    PLAINTIFF seeks to recover in a civil action all remedies including damages, unpaid wages, penalties, interest, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code sections 226(e) and (h), 558, and 1198, and Code of Civil Procedure section 1021.5.

WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

### SIXTH CAUSE OF ACTION

### PAGA CLAIM FOR FAILURE TO FURNISH

### ACCURATE WAGE STATEMENTS

(Violation of California Labor Code Sections 226(a), 1198)

(Alleged by PLAINTIFF On Behalf of Exempt and Non-Exempt PAGA Persons Against Johnson Controls, Inc.)

112.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through 111, inclusive, as though fully set forth herein.

113.    Pursuant to Labor Code section 2699, any provision of the Labor Code that does or does not provide for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures set forth in Labor Code section 2699.3.

114.    PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of other current and former aggrieved employees including the PAGA Persons.

115.    Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy is attached as Exhibit B.  No notice from the LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark date of her notice.  Accordingly, PLAINTIFF may and does commence a civil action under the PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A).  Pursuant, to Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et seq.*] are not counted as part of the time limited for the commencement of the civil action to recover penalties under [the PAGA statute]."

116.    PLAINTIFF and PAGA Persons are/were employees of Johnson Controls, Inc. under the laws of the State of California within the meaning of the Labor Code and Wage Order.

117.    Labor Code section 226(a) states in pertinent part "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

when wages are paid by personal check or cash, an accurate itemized statement in writing showing":

(1)    Gross wages earned;

(2)    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

(3)     the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

(4)     All deductions;

(5)     Net wages earned;

(6)     The inclusive dates of the period for which the employee is paid;

(7)     The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8)     The name and address of the legal entity that is the employer;

(9)     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

118.     Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

119.     Through Johnson Control Inc.'s conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Johnson Controls, Inc. failed to furnish PLAINTIFF and PAGA Persons, and maintain, accurate itemized wage statements, and maintain records all in violation of Labor Code sections 226(a) and 1198.

120.     At all material times, Johnson Controls, Inc. was/are PLAINTIFF's and PAGA Person's employers and/or persons acting on behalf of Johnson Control, Inc. within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1  set forth in Labor Code section 558 including the payment of the underpaid wages to affected

2  employees.

3     121.    Labor Code section 558 establishes a civil penalty as follows: Any employer or other

4  person acting on behalf of an employer who violates, or causes to be violated, a section of this

5  chapter or any provision regulating hours and days of work in any order of the Industrial Welfare

6  Commission (including the "Records" section of the Wage Order) shall be subject to a civil penalty

7  of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for

8  which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages;

9  (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each

10 pay period for which the employee was underpaid in addition to an amount sufficient to recover

11 underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected

12 employee.

13    122.    Pursuant to Labor Code section 2699(f), for all provisions of the Labor Code that do

14 not have a civil penalty specifically specified, there is an established civil penalty for a violation of

15 the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for

16 the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

17 each subsequent violation in which Johnson Control, Inc. violated the Labor Code including Sections

18 226(a) and 1198.

19    123.    Pursuant to Labor Code section 2698 *et seq.*, PLAINTIFF seeks to recover civil

20 penalties, including unpaid wages to the extent permissible, on behalf of herself and other PAGA

21 Persons.  The exact amount of the applicable penalties is an amount to be shown according to proof at

22 trial and within the jurisdictional limits of the Court.

23    124.    For bringing this action, PLAINTIFF seeks attorneys' fees and costs to the extent

24 permitted by Labor Code section 2698, *et seq.*

25    WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

26 / / /

27 / / /

28 / / /

FIRST AMENDED COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

# SEVENTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

(Alleged by PLAINTIFF Individually and On Behalf of the Statute of Limitations Class Against Defendants Johnson Controls, Inc. and Does 1-20)

125.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through 124, inclusive, as though fully set forth herein

126.    Pursuant to California Code of Civil Procedure (Code of Civil Procedure) section 1060, any person interested under a written instrument, or under a contract, or who desires a declaration of his or her rights or duties with respect to another may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action for a declaration of his or her rights and duties, including a determination of any question of construction or validity arising under the instrument or contract.  He or she may ask for a declaration of rights or duties, either alone or with other relief and the court may make a binding declaration of these rights or duties, whether or not future relief is or could be claimed at the time. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.  The declaration shall have the force of a final judgment. Pursuant to Code of Civil Procedure section 1062, the remedies set forth in the chapter (including Section 1060) are cumulative and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under the chapter shall preclude any party from obtaining additional relief based upon the same facts.

127.    JCI presents and/or has Statute of Limitations Class members and PLAINTIFF sign a document that purports to abbreviate statute of limitations for filing claims or lawsuits against JCI arising out of employment with JCI or application for employment with JCI.  PLAINITFF for example, was presented with an "Employment Agreement" (Exhibit A attached hereto) by JCI that states in part

"In consideration for my employment and wages, I agree that any claim or lawsuit that I have or may have arising out of my employment, or my application for employment, with Johnson Controls, must be filed no more than six (6) months after the date of the adverse employment action

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1   that is the subject of the claim or lawsuit.  While I understand that the statute of limitations for claims

2   arising out of an employment action may be longer than six (6) months, I agree to be bound by the six

3   (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS

4   TO THE CONTRARY, TO THE EXTENT PERMITTED BY LAW."

5        128.   On information and belief, JCI presents to or has other California employees sign-off

6   on this illegal language or other unlawful language similarly reducing statute of limitations.  For

7   example, pursuant to Labor Code section 219(a), "no provision of this article [payment of wages] can

8   in any way be contravened or set aside by a private agreement, whether written, oral or implied."

9        129.   Moreover, any instrument or agreement seeking to limit the statute of limitations on

10  wage and hour related claims is unconscionable and against public policy.

11       130.   On behalf of herself individually and the Statute of Limitations Class, PLAINTIFF

12  seeks a declaration that any agreement or document that purports to abbreviate statute of limitations

13  for filing claims or lawsuits against JCI arising out of employment with JCI or application for

14  employment with JCI is invalid and voided.   PLAINTIFF further seeks the court to require JCI to

15  send and post notices to inform its California employees including Statute of Limitations class

16  members that its attempts to shorten statute of limitations are invalid.

17       131.   In addition to seeking declaratory relief, PLAINTIFF seeks an injunction to enjoin

18  JCI from shortening the statute of limitations for PLAINTIFF and Statute of Limitations Class

19  Members and to further Pursuant to Code of Civil Procedure sections 526 and 527.

20       132.   PLAINTIFF seeks any and all available remedies including but not limited to

21  declaratory and injunctive relief and recovery of reasonable attorneys' fees and costs pursuant to

22  California Code of Civil Procedure section 1021.5 and the substantial benefit doctrine, and/or the

23  common fund doctrine.

24       WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

25  / / /

26  / / /

27  / / /

28  / / /

29

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

**EIGHTH CAUSE OF ACTION**

**PAGA CLAIM FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 219**

(Violation of California Labor Code Section 219)

(Alleged by PLAINTIFF and On Behalf of Exempt and Non-Exempt PAGA Persons against

Johnson Controls, Inc.)

133.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through 132, inclusive, as though fully set forth herein.

134.    Pursuant to California Labor Code section 2699, any provision of the Labor Code that does or does not provide for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may be brought as a civil action, brought by an aggrieved employee on behalf of himself or herself and other current or former employees, pursuant to the procedures set forth in Labor Code section 2699.3.

135.    PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of PAGA Persons.

136.    Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy is attached as Exhibit B. No notice from the LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark date of her notice. Moreover, Johnson Controls, Inc. has not provided, within 33 calendar days of the postmark date of PLAINTIFF's notice, PLAINTIFF, and on information and belief Johnson Controls, Inc., with any written notice, by certified mail, that the alleged violations were cured and a description of the actions taken. Accordingly, PLAINTIFF may and does commence a civil action under the PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A) and 2899.3(c)(2)(A). Pursuant, to Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et seq.*] are not counted as part of the time limited for the commencement of the civil action to recover penalties under [the PAGA statute]." Furthermore, pursuant to California

30

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1   Labor Code section 2699.3(a)(1)(C), PLAINTIFF, as a matter of right, amends to add causes of

2   action arising under the PAGA statute.

3        137.     PLAINTIFF and PAGA Persons are/were employees of Johnson Control, Inc. under

4   the laws of the State of California within the meaning of the Labor Code and Wage Order.

5        138.     Labor Code section 219 provides "no provision of this article can in any way be

6   contravened or set aside by a private agreement, whether written, oral or implied."

7        139.     Johnson Controls, Inc. presents and/or has PAGA Persons and PLAINTIFF sign a

8   document that purports to abbreviate statute of limitations for filing claims or lawsuits against JCI

9   arising out of employment with JCI or application for employment with JCI.. PLAINITFF for

10  example, was presented with an "Employment Agreement" (Exhibit A attached hereto) by JCI that

11  states in part:

12       "In consideration for my employment and wages, I agree that any claim or lawsuit that I have

13  or may have arising out of my employment, or my application for employment, with Johnson

14  Controls, must be filed no more than six (6) months after the date of the adverse employment action

15  that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims

16  arising out of an employment action may be longer than six (6) months, I agree to be bound by the six

17  (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS

18  TO THE CONTRARY, TO THE EXTENT PERMITTED BY LAW."

19       140.     On information and belief, Johnson Controls, Inc. presents to or has other PAGA

20  Persons sign-off on this illegal language or other unlawful language similarly reducing statute of

21  limitations. Through Johnson Control Inc.'s conduct during the applicable statutory period, including

22  but not limited to, the conduct alleged herein, including that alleged on information and belief,

23  Johnson Controls, Inc. violated the rights of PLAINTIFF and PAGA Persons under Labor Code

24  section 219.

25       141.     Pursuant to Labor Code section 2699(f), for all provisions of the Labor Code that do

26  not have a civil penalty specifically specified, there is an established civil penalty for a violation of

27  the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for

28  the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

31

1   each subsequent violation in which Johnson Controls, Inc. violated California Labor Code section

2   219.

3        142.     Pursuant to Labor Code section 2698 *et seq.*, PLAINTIFF seeks to recover civil

4   penalties, including unpaid wages to the extent permissible, on behalf of herself and other PAGA

5   Persons. The exact amount of the applicable penalties is an amount to be shown according to proof at

6   trial and within the jurisdictional limits of the Court.

7        143.     For bringing this action, PLAINTIFF seeks attorney's fees and costs to the extent

8   permitted by Labor Code section 2698 *et seq.*

9        WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

10                              **NINTH CAUSE OF ACTION**

11   **PAGA CLAIM FOR FAILURE TO PAY WAGES DUE DURING EMPLOYMENT**

12              (Violation of California Labor Code Sections 204, 510)

13        (Alleged by PLAINTIFF On Behalf of Non-Exempt PAGA Persons Against Johnson Controls,

14                                    Inc.)

15        144.     PLAINTIFF realleges and incorporates by reference paragraphs 1 through 143,

16   inclusive, as though fully set forth herein.

17        145.     Pursuant to Labor Code section 2699, any provision of the Labor Code that does or

18   does not provide for a civil penalty to be assessed and collected by the LWDA or any of its

19   departments, divisions, commissions, boards, agencies or employees for violation of the code may, as

20   an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

21   himself or herself and other current or former employees pursuant to the procedures set forth in Labor

22   Code section 2699.3.

23        146.     PLAINTIFF is an "aggrieved employee" because she was employed by the alleged

24   violator and had one or more of the alleged violations committed against her, and therefore is

25   properly suited to represent the interests of PAGA Persons.

26        147.     Pursuant to Labor Code section 2698 *et seq.*, on April 15, 2013, PLAINTIFF sent via

27   certified mail, return receipt requested, the LWDA and Johnson Controls, Inc. her notice of specific

28   provisions of the Labor Code alleged to have been violated, including the facts and theories to

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1  support the alleged violations.  A true and correct copy is attached as Exhibit B.  No notice from the

2  LWDA has been provided to PLAINTIFF within 33 calendar days of the April 15, 2013 postmark

3  date of her notice.  Accordingly, PLAINTIFF may and does commence a civil action under the

4  PAGA statute and does so pursuant to California Labor Code sections 2699.3(a)(2)(A).  Pursuant, to

5  Labor Code section 2699.3(d), "[t]he periods specified in [California Labor Code section 2698 *et*

6  *seq.*] are not counted as part of the time limited for the commencement of the civil action to recover

7  penalties under [the PAGA statute]."

8       148.     PLAINTIFF and PAGA Persons are/were employees of Johnson Control, Inc. under

9  the laws of the State of California within the meaning of the Labor Code and Wage Order.

10      149.     Labor Code section 204 provides the timing of wage payments, including overtime

11  wages, during employee's employment with an employer.

12      150.     Labor Code section 510 sets forth an employer's obligation to pay overtime wages to

13  its employees.

14      151.     Through Johnson Control Inc.'s conduct during the applicable statutory period

15  including, but not limited to, the conduct alleged herein, including that alleged on information and

16  belief, Johnson Control, Inc. failed to pay PAGA Persons and PLAINTIFF their wages within the

17  time requirements set forth in Labor Code section 204 and further failed to pay the overtime wages

18  due under Labor Code section 510.

19      152.     Labor Code section 210 provides that an employer shall be subject to a civil penalty

20  for violation of Section 204 in the amount of $100 for any initial violation for each failure to pay each

21  employee and $200 for each subsequent violation, or any willful or intentional violation, for each

22  failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

23      153.     At all material times, Johnson Controls, Inc. was/are PLAINTIFF's and PAGA

24  Person's employers and/or persons acting on behalf of Johnson Control, Inc. within the meaning of

25  Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the

26  California Labor Code or any provision regulating hours and days of work in any Order of the

27  Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as

28  set forth in Labor Code section 558 including the payment of the underpaid wages to affected

employees.

154.    Labor Code section 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

155.    Pursuant to Labor Code section 2699(f), for all provisions of the Labor Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation in which Johnson Controls, Inc. violated the Labor Code.

156.    Pursuant to Labor Code section 2698 *et seq.*, PLAINTIFF seeks to recover civil penalties, including unpaid wages to the extent permissible, on behalf of herself and other PAGA Persons.  The exact amount of the applicable penalties is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

157.    For bringing this action, PLAINTIFF seeks attorney's fees and costs to the extent permitted by Labor Code section 2698 *et seq.*

WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

/ / /

/ / /

/ / /

/ / /

/ / /

GRAHAM HOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

# TENTH CAUSE OF ACTION

## <u>VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION</u>

## <u>17200 *ET SEQ.*</u>

(Alleged by PLAINTIFF Individually and On Behalf of the Vacation Class Against
Defendants Johnson Controls, Inc. and Does 1-20)

158.     PLAINTIFF realleges and incorporates by reference paragraphs 1 through 157, inclusive, as though fully set forth herein.

159.     Business & Professions Code section 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

160.     Through DEFENDANTS' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, DEFENDANTS engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs regarding the non-payment of vested vacation wages, in violation of California law. DEFENDANTS' use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over DEFENDANTS' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

161.     DEFENDANTS' violations of the Labor Code and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of PLAINTIFF and members of the Classes. The acts complained of herein regarding the non-payment of wages including vested vacation wages upon separation of employment occurred within the last four (4) years preceding the filing of this complaint.

162.     PLAINTIFF is informed and believes and on that basis alleges that, at all times herein mentioned, DEFENDANTS engaged in the above-mentioned acts of unlawful, deceptive, and

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1   unfair business practices prohibited by California Business and Professions Code sections 17200 *et*

2   *seq.*, including those set forth in the preceding paragraph, thereby depriving PLAINTIFF and other

3   Vacation Class members of their vested vacation wages upon separation of employment as required

4   under Labor Code.

5           163.     As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF

6   has suffered injury in fact and lost money or property. PLAINTIFF has been deprived of the rights to

7   wages and benefits due including those as alleged herein.

8           164.     Pursuant to California Business & Professions Code section 17203, PLAINTIFF is

9   entitled to seek restitution of all wages and other monies owed on behalf of herself and Vacation

10   Class members belonging to them, including interest thereon, which DEFENDANTS wrongfully

11   withheld from them and retained for itself by means of its unlawful and unfair business practices.

12           165.     PLAINTIFF is entitled to an injunction and other declaratory and equitable relief

13   against such practices to prevent future damage for which there is no adequate remedy at law, and to

14   avoid a multiplicity of lawsuits.

15           166.     PLAINTIFF is informed and believes, and on that basis alleges, that the illegal

16   conduct alleged herein is continuing and there is no indication that DEFENDANTS will not continue

17   such activity into the future. PLAINTIFF alleges that if DEFENDANTS are not enjoined from the

18   conduct set forth in this Complaint, they will continue to fail to pay the wages required to be paid and

19   will fail to comply with other requirements of the Labor Code and Wage Order.

20           167.     As a direct and proximate result of DEFENDANTS' conduct, DEFENDANTS have

21   received and will continue to receive monies that rightfully belong to members of the general public

22   who have been adversely affected by DEFENDANTS' conduct, as well as to PLAINTIFF by virtue

23   of unpaid wages and other monies.

24           168.     PLAINTIFF is entitled and seeks any and all available remedies including but not

25   limited to restitution and recovery of reasonable attorneys' fees and costs pursuant to California Code

26   of Civil Procedure section 1021.5, Business and Professions Code section 17200 *et seq.*, the

27   substantial benefit doctrine, and/or the common fund doctrine.

28           WHEREFORE, PLAINTIFF prays for relief as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and for judgment against all Defendants, jointly and severally, as applicable, as follows:

a.      For injunctive relief to the extent permitted by law including, but not limited to, as provided by the Labor Code section 226(h), Business and Professions Code section 17200 *et seq.*, Code of Civil Procedure sections 525-527;

b.      For declaratory relief to the extent permitted by law including by Code of Civil Procedure section 1060 declaring that any document that purports to shorten statute of limitations claims for employment claims be invalid and void and for a mailing and posting of a notice declaring it to be invalid and void;

c.      For restitution as provided by Business and Professions Code section 17200 *et seq.*;

d.      For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declare by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code section 17200 *et seq.*;

e.      For an award in the amount of the unpaid vested vacation wages payable to each affected person;

f.      For penalties to the extent permitted pursuant to the Labor Code and Wage Order including, but not limited to, waiting time penalties under Labor Code section 203, penalties under Labor Code section 226(e), and 558 and PAGA penalties as set forth in Labor Code section 2698 *et seq.;*

g.      For an award of damages to the extent permissible by the Labor Code and California Civil Code, including Labor Code section 226(e) and 227.3;

h.      For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6;

i.      For reasonable attorneys' fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code sections 218.5, 226, Code of Civil Procedure

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

section 1021.5, Business and Professions Code section 17200 *et seq.,* and the substantial benefit doctrine, and/or the common fund doctrine.

j.      An award of such other and further relief as this Court deems proper and just.

Dated:  May 20, 2013                                    GRAHAM**HOLLIS** APC

By: _____

GRAHAM S.P. HOLLIS
DIANE E. RICHARD
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated:  May 20, 2013                                    GRAHAM**HOLLIS** APC

By: _____

GRAHAM S.P. HOLLIS
DIANE E. RICHARD
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

# EXHIBIT A



## EMPLOYMENT AGREEMENT

For and in consideration of my employment with Johnson Controls, Inc. ("Johnson Controls"), the continuation of my employment, the disclosure of confidential information to me, or any other consideration provided to me, I agree as follows. Nothing in this Agreement is intended to alter my at-will employment with Johnson Controls, and I understand that my employment may be terminated, voluntarily or involuntarily by me or Johnson Controls:

## 1.  INTELLECTUAL PROPERTY.

I have voluntarily signed the Johnson Controls Employee Intellectual Property Agreement, which is incorporated herein by reference.

## 2.  CONFIDENTIALITY

While employed by Johnson Controls and for two years after the cessation of employment, as long as the information remains confidential or proprietary, I shall not disclose to others, copy or use, except as authorized by Johnson Controls, any confidential or Proprietary Information of Johnson Controls or its subsidiaries and affiliates comprising any data or information, however embodied, acquired or created, concerning any aspect of the business of Johnson Controls that I may acquire or originate during my employment. "Proprietary Information" means information related to the Company's business that is not generally known in the trade or industry and that the Company considers to be confidential and/or proprietary, including but not limited to: (i) all technical and business information of the Company; (ii) any confidential information that I obtain from the Company or that I develop in connection with my employment with the Company; (iii) any information that is disclosed in confidence to the Company by customers, suppliers, and other third parties; and (iv) any information that could be considered inventions, creative works, trade secrets, or know-how owned by the Company. Proprietary Information also includes specifications, financial data, personnel information, market information, business arrangements and other non-public information of Johnson Controls. Proprietary Information does not include any information I can prove was in my possession

1

prior to my employment, or that separately has become public through no fault of mine, or that is merely general knowledge or skill acquired through training and experience. I recognize and acknowledge that the success of Johnson Controls depends upon, among other things, Johnson Controls and its current and former employees keeping such Proprietary Information confidential. This clause is not to be construed as prohibiting the use of my trade and professional skills so long as such does not violate these confidentiality obligations.

I understand that nothing in this clause is intended to limit or diminish my independent, indefinite duty not to misappropriate, disclose or use Johnson Controls' trade secrets.

Upon termination of my employment, I will surrender to Johnson Controls any and all documents that I have in my possession incorporating any such confidential or Proprietary Information, including all copies thereof whether in human or machine readable form, and all electronic copies.

## 3.  NON-COMPETITION.

While employed at Johnson Controls and for one year following the date of termination, I will not directly or indirectly solicit or service, on behalf of a business competitive with the Building Efficiency business of Johnson Controls: 1) existing Johnson Controls customers served or solicited by me or someone under my supervision while I was a Johnson Controls employee, and/or 2) potential Johnson Controls customers that either I solicited or an employee under my supervision solicited at my direction during the last 12 months of employment with Johnson Controls.

## 4.  EMPLOYEE TAMPERING

While employed, and, for one year after the cessation of my employment, I will not directly or indirectly solicit, induce or encourage any Johnson Controls employees, with whom I had contact while at Johnson Controls or about whom I received any confidential information, to seek or accept employment with any company competitive with the Building Efficiency business of Johnson Controls.

2

I agree that Johnson Controls will be entitled to immediate and permanent injunctive relief if I violate Paragraphs 1–4 of this Agreement. I agree that the time periods in Paragraphs 2–4 will run from the date of the injunction.

5.  GENERAL.

This Agreement does not place any obligation upon Johnson Controls to employ me for any definite period, nor upon me to accept employment for any definite period.

I agree that this Agreement, along with the Employee Confidentiality Agreement and Employee Intellectual Property Agreement constitute the entire agreements between myself and Johnson Controls with respect to the subject matter covered. This Agreement may not be modified or terminated in whole or in part, except by an instrument in writing signed by myself and an officer or other authorized executive of Johnson Controls.

I agree that this Agreement shall be binding upon my heirs, executors, or other legal representatives or assigns and shall be enforceable by any successor of Johnson Controls.

If any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall attach only to such provision and shall not in any manner affect or render invalid or unenforceable any other provision of this Agreement.

I agree that a violation or threat of violation of this Agreement will cause Johnson Controls to suffer serious harm to its business and that damages would be an inadequate remedy. Therefore, if I breach this agreement, the Company will be entitled to an immediate court injunction and other remedies under applicable state law which governs this Agreement. The Company shall recover all expenses it incurs, including its reasonable attorneys' fees, in enforcing this Agreement.

In consideration for my employment and wages, I agree that any claim or lawsuit that I have or may have arising out of my employment, or my application for employment with Johnson Controls, must be filed no more than six (6) months after the date of the adverse employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment

3

action may be longer than six (6) months, I agree to be
bound by the six (6) month period of limitations set forth
herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO
THE CONTRARY, TO THE EXTENT PERMITTED BY LAW.

JOHNSON CONTROLS, INC.                  EMPLOYEE:

By _____            By: _____

Print Name: _____            Print Name: _Linda Delatorre_

Its: _____            Date: _8 / 24 / 11_

Date: _____

4

# EXHIBIT B



GRAHAMHOLLIS
APC

April 12, 2013

**Attorneys at Law**

3555 Fifth Avenue
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Diane E. Richard
drichard@grahamhollis.com
619.906.4011 direct

**CERTIFIED MAIL (RETURN RECEIPT)**

Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

Johnson Controls, Inc.
PO Box 343
Milwaukee, WI 53201

Johnson Controls, Inc.
c/o CT Corporation System
818 W. Seventh Street
Los Angeles, CA 90017

Johnson Controls, Inc.
507 E. Michigan St.
Milwaukee, WI 53202

   Re:  Claims against Johnson Controls, Inc.

Dear Labor & Workforce Development Agency and Johnson Controls, Inc.:

  Linda DelaTorre provides this letter as written notice regarding violations committed by Johnson Controls, Inc. and pursuant to California Labor Code section 2699.3

Graham S.P. Hollis

Diane E. Richard

Brian R. Short

Marta Manus

Vilmarie Cordero

**FACTUAL BACKGROUND**

  Ms. DelaTorre was employed by Johnson Controls, Inc. (the "Company") in California. During her employment, Ms. DelaTorre was a non-exempt employee and eligible for paid vacations under the Company's vacation plan and an employment contract. Ms. DelaTorre's last day of employment was October 15, 2012. Ms. DelaTorre provided the Company with at least 72 hours' notice of her October 15th resignation date. The Company did not pay Ms. DelaTorre all wages due and payable at separation of employment including wages for time worked (including final workdays) and vacation wages. On information and belief, the Company does not pay other California employees, both exempt and non-exempt, ("Represented Employees") by the times set forth by Labor Code section 201 and 202 including their wages for time worked including their final work days and the payment of any and all unused, vested

Labor & Workforce Development Agency

April 12, 2013
Page 2



vacation wages. Moreover, the Company did not issue for Ms. DelaTorre, and on information and belief, for Represented Employees, accurate itemized wage statements detailing accurately all items required to be itemized, for example applicable rates of pay, total hours worked, inclusive dates of the period for which the employee is paid, and gross and net wages earned.

The Company paid Ms. DelaTorre some but not all of her wages due on October 29, 2012. Missing though from this late payment and accompanying wage statement was all of Ms. DelaTorre's wages due including unpaid overtime and vested, unused vacation wages. The Company ultimately paid Ms. DelaTorre some additional owed overtime wages and vacation wages on or about March 6, 2013. Vacation wages are still owing.

Because the Company's wage statements are deficient in the items required to be itemized by the Industrial Welfare Commission Wage Order (Wage Order) and Labor Code including but not limited to wages earned, total hours worked by the employee, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect, Represented Employees and Ms. DelaTorre have been injured. With respect to overtime itemizations on wage statements, the Company does not itemize, as corrections on paystubs, overtime paid for previous periods and the inclusive dates of the pay period for which the Company is correcting its initial report of hours worked. Each of the omissions from the wage statements requires Ms. DelaTorre, and on information and belief Represented Employees, to refer to other document and/or information in order to ascertain information that should by law be on wage statements.

The Company further presents to Represented Employees and/or has Represented Employees sign a document that purports to shorten the statute of limitations to only 6 months for employment claims. Such an agreement is unlawful including being so under Labor Code section 219.

These claims against the Company for violations of California wage and hour laws are made for Ms. DelaTorre on behalf of herself and on behalf of all current and former California exempt and non-exempt employees of the Company, that is, Represented Employees.

### FAILURE TO PAY ALL VESTED VACATION WAGES AS REQUIRED UNDER LABOR CODE SECTION 227.3
(Labor Code §§227.3, 2698 *et seq.*)

Labor Code section 227.3 provides:

Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

Labor & Workforce Development Agency



April 12, 2013
Page 3

Here, the Company has a vacation plan and employment contracts that falls under the requirements of Labor Code section 227.3. The Company provides paid vacation in the form of regular vacation and floating holiday vacation. As a result of the Company's vacation policy and practice, the Company willfully violates Section 227.3 in that not all vested, unused vacation wages are paid out timely upon separation of employment at the employees' final rate of pay. The Company has instituted a forfeiture of vested vacation time, unlawful under California law. Company documents state that vacation wages will not carry over into the next calendar year. Ms. DelaTorre was impacted by the Company's policy and practice in that the Company did not pay all unused, vested vacation time to her timely upon her separation of employment. On information and belief, the Company's policy and practice of violating Section 227.3 was applied to other Represented Employees who were eligible for vacation wages in that they too were not paid all unused, vested vacation wages (including regular and floating holiday vacation wages) upon separation of employment at the employees' final rate of pay.

### FAILURE TO PAY ALL WAGES DUE AND OWING AND BY THE TIMES SET FORTH BY LAW
(Labor Code §§ 201, 202, 203, 204, 510, 1198, 2698 *et seq.*)

The Company willfully failed to pay Ms. DelaTorre all wages due and owing to her timely upon separation of employment in accordance with the California Labor Code and Wage Order. The Company did not pay her all overtime, minimum and regular wages due, for example, nor did it pay vacation wages due to her on her last day of employment on October 15, 2012. Ms. DelaTorre brings the claims on behalf of herself and other Represented Employees.

### FAILURE TO MAINTAIN AND PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code §§226, 1198, 2698 *et seq.*)

The Company failed to provide Ms. DelaTorre, and on information and belief Represented Employees, and failed to maintain (and did so knowingly and intentionally) accurate itemized wage statements in that all items required to be itemized; for example applicable rates of pay, total hours worked, inclusive dates of the period for which the employee is paid, and gross and net wages earned are not properly itemized. Ms. DelaTorre, and on information and belief other Represented Employees, have suffered injury including loss of monies/wages, interest on wages due and/or paid late and not being able to promptly and easily determine without reference to other documents or information from the wage statement alone for example, wages earned, applicable rates of pay and hours worked during certain pay periods.

Labor & Workforce Development Agency



April 12, 2013
Page 4

## UNLAWFUL AGREEMENT
### (Labor Code §§219, 2698 *et seq.*)

Labor Code section 219 provides that no provision of the article in any way can be contravened or set aside by a private agreement, whether written, oral or implied. The Company illegally attempts to shorten statute of limitations of wage and hour claims in the article to six (6) months. Ms. DelaTorre signed an agreement that purported to do so and on information and belief, the Company had other Represented Employees do so. Ms. DelaTorre therefore brings the claims on behalf of herself and other Represented Employees.

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, Ms. DelaTorre reserves the right to revise these facts and/or add any new claims. Should you have any questions and/or comments, please feel free to contact me at your convenience.

Very truly yours,

Diane E. Richard

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DIANE E. RICHARD, ESQ.          SBN: 204897<br>GRAHAM HOLLIS, A.P.C.<br>3555 Fifth Avenue<br>SAN DIEGO, CA 92103<br>TELEPHONE NO.: 619-692-0800    FAX NO. (Optional): 619-692-0822<br>E-MAIL ADDRESS (Optional): drichard@grahamhollis.com<br>ATTORNEY FOR (Name): Linda Dela Torre | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Linda Dela Torre

DEFENDANT/RESPONDENT: Johnson Controls, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>113CV244633 |
|---|---|

TO (insert name of party being served): Johnson Controls, Inc., c/o Lynne C. Hermle, Esq.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 30, 2013

Diane E. Richard, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [ X ]  A copy of the summons and of the complaint.
2. [ X ]  Other (specify): First Amended Complaint, Summons to the First Amended Complaint, Civil Case Cover Sheet, ADR Information Sheet, Civil Lawsuit Notice.

(To be completed by recipient):

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |

1

**PROOF OF SERVICE BY MAIL**

2          I am more than eighteen years old and not a party to this action.  My business address is

3  Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California  94025.  On June

4  11, 2013, I served the following document(s):

5          **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

6  on the interested parties in this action by placing true and correct copies thereof in sealed

7  envelope(s) addressed as follows:

8          Diane E. Richard, Esq.
            Graham Hollis, A.P.C.

9          3555 Fifth Avenue
            San Diego, CA  92103

10

11          On the date indicated above, I deposited the sealed package(s) in a box or other facility

12  regularly maintained by UPS Next Day Air for delivery of documents, with the delivery fees paid

13  or provided for by the sender.

14          I declare under penalty of perjury under the laws of the State of California that the above

15  is true and correct.  Executed on June 11, 2013, at Menlo Park, California.

16

17 

18                      Tina McBride

19

20

21

22

23

24

25

26

27

28

OHSUSA:753975062.1

ENTERED

JUN 0 4 2013

CALENDARED

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **1 1 3 C V 2 4 4 6 3 3**

### PLEASE READ THIS ENTIRE FORM

__PLAINTIFF__ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

__DEFENDANT__ (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning:** If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

---

__RULES AND FORMS:__ You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

__CASE MANAGEMENT CONFERENCE (CMC):__ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Carol Overton _____ Department: __5__

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **AUG 1 3 2013**   Time: 3:45pm   in Department: __5__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department: _____

__ALTERNATIVE DISPUTE RESOLUTION (ADR):__ If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

__WARNING:__ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
Coordinator
ADR Administrator
408-882-2530

Santa Clara County DRPA
408-792-2784