GRAHAM S.P. HOLLIS (SBN 120577)
ghollis@grahamhollis.com
VILMARIE CORDERO (SBN 268860)
vcordero@grahamhollis.com
GRAHAM**HOLLIS** APC
3555 Fifth Avenue
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff
LINDA DELATORRE


LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
LINDSEY CONNOR HULSE (STATE BAR NO. 258514)
lhulse@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Defendant
JOHNSON CONTROLS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA DELATORRE, individually and on behalf of others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 13-cv-03214 PSG<br><br>***REVISED*** [PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Magistrate Judge:   Hon. Paul S. Grewal<br><br>Complaint Filed:   April 15, 2013<br>FAC Filed:              May 20, 2013<br>Case Removed:     July 11, 2013<br><br>Trial Date:              None Set |

///

On April 15, 2013, Plaintiff Linda DelaTorre ("Plaintiff") filed a complaint against Johnson Controls, Inc. ("Defendant") on behalf of herself and other former employees, and subsequently filed the operative First Amended Complaint on May 20, 2014. Plaintiff alleges, among other things, that employees are owed compensation for vacation, final wages, and inaccurate itemized wage statements, and related penalties. The lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses. Defendant denies all of Plaintiff's claims.

After initial exchanges of information, the Parties entered into private mediation before respected neutral mediator (and plaintiffs' counsel) Mark Rudy, Esq. to try and resolve the claims. As a result of that mediation on February 13, 2014, and under the auspices of Mr. Rudy, the Parties reached a settlement. On or about July 15, 2014, Plaintiff and Defendant executed the Stipulation of Settlement and Release ("Stipulation of Settlement"), setting forth the terms of the Settlement.

A preliminary hearing was held before this Court on July 29, 2014, for the purpose of determining, among other things, whether the proposed Stipulation of Settlement was within the range of possible approval and whether notice to the Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing, will be worthwhile. Appearing at the hearing was counsel for Orrick, Herrington & Sutcliffe LLP on behalf of Defendant; and counsel for Graham Hollis APC on behalf of Plaintiff and the Class Members. Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, and having made findings and rulings at the hearing, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS Preliminary Approval of the terms and conditions contained in the Stipulation of Settlement. The Court preliminarily finds that the terms of the Stipulation of Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. It appears to the Court on a preliminary basis that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid

*REVISED* [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

substantial costs, delay and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Stipulation of Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the provisional Vacation Class and Waiting Time Penalty Class (collectively, "the Class" and "Class Members"), in accordance with the Stipulation of Settlement, for the purposes of this Settlement only. The "Vacation Class" is defined as all non-union employees who were employed by the Released Parties in California and whose employment terminated during the Vacation Class Period who were eligible to be paid vacation wages. The Waiting Time Penalty Class" is defined as all members of the Vacation Class whose employment terminated during the Waiting Time Penalty Class Period. The "Vacation Class Period" is the period beginning April 15, 2009 through the date of Preliminary Approval. The "Waiting Time Penalty Class Period" is the period beginning April 15, 2010 through the date of Preliminary Approval.

4. The Court hereby authorizes the retention of Rust Consulting as Settlement Administrator for the purpose of the Settlement.

5. The Court hereby conditionally finds that Graham Hollis APC may act as counsel for the Class, and that Plaintiff Linda DelaTorre may act as class representative for the Class.

6. The Court hereby APPROVES the Notice of (1) Preliminary Approval of Class Action Settlement; (2) Final Approval Hearing; (3) Class Members' Right to Object or Request Exclusion; and (4) Requirement to Return a Claim Form to Receive a Monetary Payment from the Settlement (the "Notice"), attached to the Stipulation of Settlement as Exhibit 2. The Court finds that the Notice, along with the related notification procedure contemplated by the Stipulation of Settlement, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Stipulation of Settlement, of the Class Members' right to be excluded from the Settlement, and of each Class Member's right and opportunity to object to the Settlement. Subject to the terms of the Stipulation of Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the

1  timeframe specified in the Stipulation of Settlement.

2      7.    The Court hereby APPROVES the proposed procedure for Class Member exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice and Claim Forms to Class Members. Any Class Member who submits a valid and timely request for exclusion shall not be a Member of the Class, shall be barred from participating in the Settlement and shall receive no benefit from the Settlement.

    8.    The Court hereby APPROVES the proposed Claim Form for use in administering the Settlement, attached to the Stipulation of Settlement as Exhibit 1. The Claim Form must be mailed to Class Members along with the Notice. Subject to the terms of the Stipulation of Settlement, Class Members must sign, date and return completed claim forms to the Settlement Administrator postmarked no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members in order to receive a monetary payment.

    9.    The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Service Payment, with the appropriate declarations and supporting evidence, by ___December 5___, 2014 to be heard at the same time as the motion for Final Approval of the Settlement.

    10.    The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, by ___December 5___, 2014.

    11.    The Court further ORDERS that each Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on January 13, 2015 at 10:00 am in Courtroom 5 of the United States District Court, Northern District of California, San Jose Division. Any Class Member seeking to object to the proposed Settlement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members. In

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

addition, any attorney who intends to represent a Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members. Any Class Member who fails to file and serve these materials shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered by the Court.

12. The Court Orders the following implementation schedule for further proceedings:

| | |
|---|---|
| Deadline for Defendants to provide names and addresses of Settlement Class Members to the Settlement Administrator and Class Counsel | No later than forty five (45) calendar days after Defendant receive the order granting preliminary approval of the Stipulation. |
| Deadline for Settlement Administrator to mail notice packets to Settlement Class Members | No later than fourteen (14) calendar days of receipt of the Class List from Defendant. |
| Deadline for postmark by registered mail of any Request for Exclusion | No later than sixty (60) calendar days after the mailing of the Notice of Class Settlement by the Settlement Administrator. |
| Deadline for Submission of Objections by Class Members | No later than sixty (60) calendar days after the mailing of the Notice of Class Settlement by the Settlement Administrator. |
| Deadline for the Class Members to Cash their Settlement Checks | One hundred and eighty (180) calendar days from the mailing of the check. |
| Deadline for the Settlement Administrator to submit Declaration of Diligence | Five (5) court days before the date of the final approval hearing |
| The Final Approval Hearing | January 13, 2015 at 10:00 a.m. |
| Payment Obligation and Class Release Date | 45 calendar days after: (a) service of notice of entry of the Final Approval Order and Judgment on all Parties/objectors, with no appeals or requests for review being taken; or (b) orders affirming Final Approval Order and Judgment or denying review after exhaustion of all appellate remedies |
| | |

| Deadline for Defendant to deposit the full amount necessary to fund all required Settlement payments | No later than 7 calendar days after Payment Obligation and Class Release Date |
|---|---|
| Deadline for the Settlement Administrator to mail or wire all required payments to Class Representative, Class Counsel, the LWDA, and the Class Members who submitted valid and timely claim forms | No later than fourteen (14) calendar days after the Payment Obligation and Class Release Date. |

13.   The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit except those contemplated herein and in the Stipulation of Settlement are stayed.

14.   The Court further ORDERS that to facilitate administration of this Settlement, all Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such Class Members have submitted valid and timely Exclusion Letters with the Settlement Administrator.

15.   If the Court grants Final Approval of the Settlement and enters judgment, Class Members and their successors shall conclusively be deemed to have given a release, as set forth in the Stipulation of Settlement Agreement and Notice Packet, against the Released Parties, and all Class Members and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the Class Released Claims.

16.   If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

17.   The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: July 30, 2014

_____
HONORABLE PAUL S. GREWAL
United States Magistrate Judge

*REVISED* [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT